## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE** | * |
| c/o Jacob M. Lebowitz, Esq. | |
| 3221 M St. NW | * |
| Washington, D.C. 20007 | |
| | * |
| **Plaintiff,** | |
| **v.** | * Case No.: _____ |
| | |
| **DISTRICT OF COLUMBIA** | * |
| | |
| **Serve:** Muriel Bowser | * |
| Mayor of the District of Columbia | |
| 1350 Pennsylvania Ave. NW #406 | * |
| Washington, D.C. 20004 | |
| | * |
| Office of Attorney General for D.C. | |
| 400 6th Street NW | * |
| Washington, D.C. 20001 | |
| | * |
| **&** | |
| | * |
| **JOHN ROE** | |
| District of Columbia Public Schools | * |
| | |
| **&** | |
| | * |
| **ADMINISTRATOR ROES 1-10** | |
| District of Columbia Public Schools | * |
| | |
| ***Defendants.*** | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## <u>COMPLAINT</u>

Plaintiff John Doe ("Plaintiff"), by and through undersigned counsel, hereby files this

Federal Civil Complaint and alleges the following:

## <u>NATURE OF THE CASE</u>

1.      Plaintiff sues Defendant John Roe seeking damages and other relief for his sexual assault of Plaintiff while Plaintiff was a student at Wheatley Elementary School, and for intentional infliction of emotional distress.

2.      Plaintiff sues Defendant District of Columbia ("D.C."), seeking damages and other relief for its violations of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681(a) ("Title IX").

3.      Plaintiff also sues Defendants D.C. and Administrator Roes 1-10 ("Admin Roes"), seeking damages and other relief for their gross negligence, causing Plaintiff's serious and permanent injuries.

4.      Plaintiff also sues Defendants D.C. and Admin Roes for their grossly negligent supervision and retention of employees, causing Plaintiff's serious and permanent injuries.

5.      Plaintiff also sues Defendants D.C. and Admin Roes, seeking damages and other relief for violations of his Fifth Amendment substantive due process right to bodily integrity and rights to a safe environment for educational services pursuant to 42 U.S.C. §1983 ("§1983"), causing Plaintiff serious and permanent injuries.

## PARTIES

6.      Plaintiff is a natural person, a citizen of the United States, a current resident of Maryland, and was, at all times relevant herein, a resident of the District of Columbia. Plaintiff was previously enrolled as a student at Wheatley Elementary School in Washington, D.C.

7.      Defendant D.C. is sued for Plaintiff's injuries caused by its employees' violations of Plaintiff's rights under Title IX and §1983. These employees were acting within the scope of their employment under circumstances that were the District of Columbia a private person, they would be liable to Plaintiff.

8.     Wheatley Elementary School, under the control of Defendant D.C., is a recipient of federal funds within the meaning of 20 U.S.C. § 1681(a).

9.     Defendants Admin Roes include the principal, vice principal, and other administrative employees of the District of Columbia Public Schools ("DCPS") who were final policy-makers on students' health and safety during all relevant times. Upon information and belief, Admin Roes knew of the ongoing sexual abuse of Plaintiff and disregarded their duties under D.C. and federal law. Certain Admin Roes are sued in their individual capacity and in their official capacity as officials whose edicts and acts represent the official policy, practices, customs, and regulations at DCPS that violated Plaintiff's constitutional and other rights, and contributed to his injuries. Other certain Admin Roes are sued only in their individual capacities.

10.     Defendant John Roe, at all relevant times herein, was an employee of DCPS.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this litigation involves a Federal question, specifically claims made under the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq*. and claims made under 42 U.S.C. §1983 for violations of his Fifth Amendment Rights under the U.S. Constitution.

12.     Venue in this District is proper pursuant to 28 U.S.C. § 1391, as all the relevant facts giving rise to this case and damages sustained by Plaintiff occurred in this District.

## FACTUAL ALLEGATIONS

13.     Plaintiff attended Wheatley Elementary School beginning in or around 1991.

14.    Upon information and belief, Defendant Roe was a Physical Education teacher and/or school aide at Wheatley Elementary School.

15.    In or around 1993, Plaintiff first met Defendant Roe, while Plaintiff was in third grade.

16.    Beginning around 1993, Defendant Roe began grooming Plaintiff.

17.    Initially, Defendant Roe was very nice to Plaintiff and would give him an exceptional amount of attention.

18.    Defendant Roe would stare at Plaintiff and ask Plaintiff questions, such as where he was going after school.

19.    During P.E. class, Defendant Roe would sometimes lift up Plaintiff's shirt and feel Plaintiff's body, saying he wanted to check Plaintiff's body.

20.    Sometimes, Defendant Roe would remove Plaintiff from a stairwell so that he would be isolated from other children. Defendant Roe would lift up Plaintiff's shirt and feel his body while in the stairwell.

21.    At one point, Defendant Roe had Plaintiff stay back from a scheduled field trip so that he could physically abuse him alone at the school.

22.    When Plaintiff returned home, he told his grandmother that he did not go on the field trip, and instead stayed in the teacher's lounge with Defendant Roe.

23.    Plaintiff's mother called the school and spoke with an Admin Roe about the incident and Defendant Roe's sexual contact with Plaintiff, including raising up his shirt and touching his body.

24.    Upon information and belief, the school questioned Defendant Roe about his inappropriate and isolating behavior with Plaintiff.

25.   Upon information and belief, the Admin Roes became aware of Defendant Roe's inappropriate and violating sexual behavior towards Plaintiff at this point.

26.   Upon information and belief, these same Admin Roes were policy-makers at the school.

27.   Upon information and belief, no one at the school did any further investigation into Defendant Roe's inappropriate relations with Plaintiff, and Admin Roes took no remedial measures to protect Plaintiff.

28.   After Plaintiff's mother spoke with Admin Roes, Defendant Roe's attitude toward Plaintiff worsened, and he started to be mean and forceful with Plaintiff.

29.   Defendant Roe began treating Plaintiff as if he were misbehaving, even though Plaintiff was not.

30.   Upon and information and belief, Defendant Roe did this in order to give Plaintiff detention, where they could be alone.

31.   This continued for about two years, until 1995 when Plaintiff was in the fifth grade.

32.   At some point while Plaintiff was in fifth grade, in or around 1995, Defendant Roe took Plaintiff to a bathroom in the basement of the school.

33.   While Plaintiff was in one stall, Defendant Roe entered the stall next to him and looked over at Plaintiff.

34.   Plaintiff had his genitals exposed, and Defendant Roe asked Plaintiff what was taking him so long.

35.   Defendant Roe then went into Plaintiff's stall and grabbed Plaintiff's genitals. Defendant Roe ordered Plaintiff to pee.

36.   Plaintiff told Defendant Roe that he was too scared and could not pee.

37.     Defendant Roe then removed Plaintiff from the bathroom and escorted him to the teacher's lounge.

38.     In the teacher's lounge, Defendant Roe began yelling at Plaintiff. Plaintiff was frightened and did not know what was going on.

39.     Plaintiff panicked and ran out of the teacher's lounge into the principal's office.

40.     Plaintiff told Admin Roes in the office, including the principal, that Defendant Roe had touched him and that he was frightened.

41.     Plaintiff's mother took Plaintiff out of Wheatley Elementary School and transferred him into a private school because she realized that the school was not doing anything to protect Plaintiff.

42.     Upon information and belief, Admin Roes at Wheatley Elementary School had actual knowledge of the sexual abuse, inappropriate touching, and grooming of Plaintiff by Defendant Roe.

43.     Upon information and belief, there was no response taken by Admin Roes as a result of Plaintiff's reporting of his sexual abuse.

44.     Upon information and belief, no Admin Roe made a report to the Metropolitan Police Department or child protection services, despite being mandated reporters under the law at the time.

45.     Upon information and belief, there was no investigation into Defendant Roe's action by Wheatley Elementary School, the District of Columbia Public School system, or their employees including Admin Roes.

46.     Despite being mandated reporters under D.C. law as school officials, DCPS employees, including Admin Roes, did not report their observations or suspicions to the MPD or child

protection services. Further, the DCPS employees and Admin Roes took no action to investigate, address, stop, or remedy the ongoing abuse.

47.     Upon information and belief, policy-makers within DCPS, including Admin Roes, were aware of the ongoing abuse and had investigative and disciplinary authority, and the ability to address the ongoing abuse, but they did not.

48.     Admin Roes' actions and inactions in failing to respond to the known abuse were consciously indifferent to Plaintiff's safety and wellbeing.

49.     Admin Roes were deliberately indifferent to the ongoing abuse by Defendant Roe to Plaintiff. Defendants failed to take action to remedy or cease the ongoing abuse.

50.     Though Defendant D.C., through Admin Roes, had an obligation to protect the safety and welfare of Plaintiff, they failed to do so and instead adopted a practice and *de facto* policy allowing Defendant Roe's behavior.

51.     Defendant D.C., through Admin Roes, created a dangerous situation for Plaintiff by adopting these practices and *de facto* policies that gave Defendant Roe the power, authority, and opportunity, and by allowing him to exercise this authority unchecked, to isolate and abuse Plaintiff.

52.     Upon information and belief, Defendant D.C. had a policy, custom, and/or practice of having no control and ineffective management of its employees working in the public schools such as Wheatley Elementary during the relevant times.

53.     Upon information and belief, Defendant D.C. had a policy, custom, and/or practice of hiring unauthorized personnel, such as Defendant Roe, during the relevant times.

54.     Upon information and belief, Defendant D.C. had a policy, custom, and/or practice of not ensuring that teachers and personnel, including Defendant Roe, had proper certifications.

55. Defendant D.C. was deliberately indifferent in adoption of these customs, policies, and practices and this haphazard adoption of deliberately indifferent policies was a proximate cause of Plaintiff's injuries.

56. Defendant D.C., though Admin Roes, adopted and perpetuated a *de facto* policy of allowing teachers such as Defenant Roe to isolate students and abuse them without inquiry.

57. Defendant D.C., through Admin Roes, adopted and perpetuated a *de facto* policy of not investigating, addressing, or reporting allegations of sexual abuse of a student by a teacher.

58. Defendant D.C., though Admin Roes, failed to adequately train its employees who witnessed the abuse and grooming of Plaintiff.

59. This failure to train was deliberately indifferent towards the likelihood that constitutional violations would result, and was deliberately indifferent towards the obvious need for such training.

60. The failure to train directly and proximately caused Plaintiff's permanent physical, emotional, and psychological injuries.

61. Upon information and belief, Defendant D.C. was deliberately indifferent to and adopted and perpetuated the practice and *de facto* policy that allowed Defendant Roe's longstanding practice of exercising control over Plaintiff and isolating him from students and staff in order to sexually assault him.

62. This policy, practice and deliberate indifference resulted in Plaintiff's abuse and caused serious and permanent physical, emotional, and psychological injuries.

63. Defendant D.C., through Admin Roes, failed to comply with its statutory responsibility under Title IX to respond to Defendant Roe's continual sexual abuse of Plaintiff.

64. Defendant D.C., through Admin Roes, was fully aware of its obligation under Title IX to conduct an investigation into Defendant Roe's abuse of Plaintiff.

65. Defendants D.C. and Admin Roes had substantial control over Plaintiff's abuser, Defendant Roe, as they employed him.

66. Defendants D.C. and Admin Roes were deliberately indifferent to the abuse of Plaintiff by Defendant Roe despite their actual knowledge.

67. Defendants D.C. and Admin Roes failed to provide any investigative findings to Plaintiff and never informed Plaintiff of available recourse for the severe, pervasive, and objectively offensive abuse perpetuated by Defendant Roe against him.

68. As a result of Defendant D.C. and Admin Roes' failure to take action in response to information and complaints—actual knowledge—about Defendant Roe's sexual abuse and harassment of Plaintiff, failure to properly conduct an investigation, report its findings, and terminate Defendant Roe, Plaintiff suffered severe psychological and emotional distress.

69. Plaintiff endured sexual abuse and suffered sex-based discrimination that was severe, pervasive and objectively offensive.

70. The sexual abuse that Plaintiff endured, the sex-based harassment that he suffered, and the subsequent emotional and psychological trauma that followed from Defendants D.C. and Admin Roes' failure to properly address Defendant Roe's illegal actions deprived Plaintiff of educational opportunities and benefits provided by the schools.

71. Defendants D.C. and Admin Roes had substantial control and authority to institute corrective measures and take remedial action to terminate Defendant Roe's employment and/or prevent him from being in contact with Plaintiff.

72.     Defendant D.C. had the authority and statutory responsibility under Title IX to conduct an investigation into Defendant Roe's sexual abuse of Plaintiff, keep Plaintiff informed of this investigation, and report their findings.

73.     Instead, Defendant D.C. responded and acted with deliberate indifference to the sexual abuse and sex-based harassment suffered by Plaintiff.

74.     Defendants D.C. and Admin Roes failed to protect their own student, even though they were aware of indicia of, and preventative measures against, child sexual abuse, including but not limited to the knowledge that:

   a.   most child victims of sexual abuse do not report the abuse, often because they are afraid to report the abuse;

   b.   gradually crossing a child's physical boundaries, and becoming increasingly intimate and/or sexual, is a warning sign that an adult may be surreptitiously sexually abusing the child;

   c.   institutions serving children should not fail to prohibit adults from engaging in certain behaviors vis-á-vis the children including, but not limited to, groping, caressing, and intimate or romantic conduct; and

   d.   children suffering abuse often manifest depression and/or unexplained misbehavior.

75.     Defendants D.C. and Admin Roes' acts, omissions, and conduct were such that reasonable students in the position of Plaintiff who encountered or were confronted with the same or similar circumstances as Plaintiff would be reluctant to report sexual abuse and/or harassment.

76.     As a direct and proximate result of the harassing and hostile educational environment created by Defendants D.C. and Admin Roes' deliberate indifference in their response to the abuse perpetrated by Defendant Roe against Plaintiff, Plaintiff has suffered, and continues to suffer severe psychological damage, depression, nightmares, panic, emotional stress resulting in bed wetting, poor self-esteem, weight gain, distress, and alcohol abuse.

77.     Due to the continual and pervasive abuse allowed by the Defendants D.C. and Admin Roes, Plaintiff has required, and will continue to require, mental health and other counseling and treatment in order to cope with the aftermath of the sexual assault and abuse, the emotional stress and distress of not having Defendant D.C., through Admin Roes, believe the allegations and take action, and feeling that Plaintiff had done something wrong.

78.     Plaintiff has been deprived of a normal childhood and access to an equal education due to Defendants' acts and conduct, and the resulting educational environment.

79.     Plaintiff has been damaged by missed educational opportunities and his future earning capabilities have been damaged by Defendants' acts and conduct and the resulting hostile educational environment.

### COUNT I
**(Violation of Title IX (20 U.S.C. § 1681, et seq.))**
**(Asserted Against Defendant D.C.)**

80.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

81.     Defendant D.C. had actual notice of Defendant Roe's ongoing sexual misconduct against Plaintiff.

82. Defendant D.C., by its actions and inactions, created a climate whereby sexual misconduct was tolerated, thus encouraging repeated misconduct and proximately causing injury to Plaintiff.

83. Defendant D.C., through its agents including employees with decision-making authority at Wheatley Elementary School, had actual knowledge of the sexual assault, exploitation, discrimination, and harassment that Defendant Roe perpetuated against Plaintiff, when he used his authority as a school employee to seclude himself with Plaintiff.

84. The agents with actual knowledge had the authority and ability to investigate Defendant Roe's continuing misconduct and take meaningful corrective action to end or prevent the sexual assaults, exploitation, discrimination, and harassment, but failed to do so.

85. The sexual abuse, exploitation, discrimination, and harassment that Defendant Roe inflicted on Plaintiff was severe, pervasive, and objectively offensive, and effectively barred Plaintiff's access to an educational opportunity and benefit.

86. Defendant D.C.'s lack of response to their actual knowledge of Defendant Roe's abuse of Plaintiff was clearly unreasonable in light of the known circumstances because Defendant did not timely or thoroughly investigate and respond to the ongoing abuse.

87. Defendant D.C.'s deliberate indifference to the ongoing abuse caused Plaintiff to continuously undergo harassment and abuse by Defendant Roe.

88. Plaintiff suffered repeated school employee-on-student sexual assault and harassment, which is considered sex discrimination by Title IX.

89. The sexual harassment Plaintiff suffered created a hostile environment at Wheatley Elementary School, which is under the control and authority of Defendant D.C.

90.     By its actions and inactions, Defendant D.C., through its agents, acted with deliberate indifference toward the rights of Plaintiff and other students to a safe and secure education environment, thus materially impairing Plaintiff's ability to pursue his education at Wheatley Elementary School in violation of the requirements of Title IX.

91.     Specifically, Defendant D.C. violated Title IX by, *inter alia*:

    a.   Choosing to take no action to protect Plaintiff and forgoing their responsibility to supervise, discipline, warn, terminate, or take other corrective action to prevent Defendant Roe's continued discrimination and harassment against Plaintiff;

    b.   Failing to conduct internal investigations into allegations of Defendant Roe's criminal and inappropriate misconduct despite actual knowledge of Defendant Roe's continuing misconduct and inappropriate relations with Plaintiff;

    c.   Allowing its employee, Defendant Roe, to remain employed at Wheatley Elementary School despite actual knowledge of Defendant Roe's continuing and pervasive misconduct towards Plaintiff;

    d.   Allowing its employee Defendant Roe to continue to have unsupervised contact with students despite actual knowledge of Defendant Roe's continuing misconduct and inappropriate relationship with Plaintiff;

    e.   Failing to inform Plaintiff's and other families of the danger posed by Defendant Roe when he was repeatedly allowed to exercise control over students at Wheatley Elementary School, or were deliberately indifferent thereto, despite actual knowledge of Defendant Roe's continuing misconduct and inappropriate relationship with Plaintiff;

    f.   Creating a climate that tolerated sexual assault, exploitation, abuse and other misconduct, and that tolerated the complete disregard of reports of sexual misconduct by Defendant Roe, or the unusual, dangerous conduct engaged in by Defendant Roe over a period of years, or were deliberately indifferent thereto, despite actual knowledge of Defendant Roe's continuing misconduct towards Plaintiff;

    g.   Failing to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Plaintiff after Defendant Roe sexually assaulted and abused him, or were deliberately indifferent thereto, despite actual knowledge of Defendant Roe's continuing sexual misconduct towards Plaintiff;

    h.   Failing to develop and propagate policies and procedures to address complaints of sexual abuse of a student by a teacher or other school employees;

    i.   Failing to report suspected child abuse, in violation of and as mandated by D.C. law;

    j.   Failing to provide policy or training for its administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting;

    k.   Failing to timely terminate or otherwise discipline Defendant Roe for his sexual abuse of Plaintiff, or were deliberately indifferent thereto; and

    l.   Through other actions, inactions, and deliberate indifference.

92.   As a direct and proximate result of Defendant D.C.'s actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

a.  Past, present, and future physical and psychological pain, suffering and impairment;

b.  Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

c.  Impaired educational capacity;

d.  Impaired ability to complete day-to-day tasks of living;

e.  Loss of enjoyment of life;

f.  Impaired future earning capability;

g.  Attorneys' fees and costs; and

h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendant D.C. for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT II
### (Gross Negligence)
### (Asserted Against Defendants D.C. and Admin Roes)

93.  Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

94.  At all times relevant herein, Defendants D.C. and Admin Roes owed a duty of care to Plaintiff to maintain his health and safety.

95.  At all times relevant herein, Defendants D.C. and Admin Roes had a duty to actively supervise, monitor, and investigate the interactions between employees and students, including those between Defendant Roe and Plaintiff.

96.     At all times relevant herein, Defendants D.C. and Admin Roes had a duty to use reasonable efforts to prevent the students enrolled at Wheatley Elementary School, including Plaintiff, from being sexually abused by employees such as Defendant Roe.

97.     At all times relevant herein, Defendants D.C. and Admin Roes had a duty to take corrective action to protect students, including Plaintiff, in an appropriate and timely manner once informed or having suspicions regarding an employee's inappropriate or sexual conduct towards students.

98.     At all times relevant herein, Defendants D.C. and Admin Roes had a duty to report allegations of child sex abuse to authorities. District of Columbia law mandates that a school official and/or teacher shall make a report to the MPD or child protection services if they have actual knowledge of, or have reasonable cause to believe that, a child they know in their professional capacity has been or is in immediate danger of being the victim of sexual abuse.

99.     The Defendants D.C. and Admin Roes breached these duties owed to Plaintiff by, among other things:

   a.   Failing to take timely, reasonable corrective measures despite actual or constructive knowledge of Defendant Roe's ongoing and pervasive sexual abuse and misconduct upon Plaintiff;

   b.   Failing to report such knowledge to appropriate authorities such as MPD or child protection services, pursuant to D.C. law;

   c.   Failing to take action to curtail Defendant Roe's unrestricted and unsupervised access to Plaintiff;

d.  Failing to inform Plaintiff and other students' families of the danger posed by Defendant Roe when he was repeatedly allowed to exercise control over Wheatley Elementary students, despite actual or constructive knowledge of the dangers;

e.  Failing to take any remedial action against Defendant Roe, and retaining him as an employee despite actual or constructive knowledge of Defendant Roe's inappropriate conduct;

f.  Failing to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and academic assistance and services to Plaintiff after Defendant Roe sexually assaulted and abused him;

g.  Failing to provide policies or training for their administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting;

h.  Failing to timely terminate or otherwise discipline Defendant Roe for his reckless disregard to Plaintiff and other students' safety and rights;

i.  Failing to otherwise comply with the applicable laws and regulations of the District of Columbia and applicable Federal laws and regulations; and

j.  Otherwise failing to exercise the degree of care required under the circumstances.

100.  Defendants' actions, inactions, and failures showed an extreme deviation from the ordinary standard of care, as well as a conscious indifference and reckless disregard to the rights, safety, and duty of care owed to Plaintiff.

101.  Defendants D.C. and Admin Roes knew or had constructive knowledge of Defendant Roe's sexual misconduct and propensity for inappropriate behavior involving Plaintiff. Defendants D.C. and Admin Roes either were consciously indifferent towards Defendant

Roe's misconduct, or otherwise was grossly negligent in investigating allegations of Defendant Roe's misconduct.

102. Defendants D.C. and Admin Roes' failures created an environment where reports of inappropriate relationships and sexual abuse made to school officials, administrators, and/or staff were not investigated, reported, or responded to.

103. Defendants D.C. and Admin Roes acted with conscious indifference and reckless disregard to the foreseeable consequences of their failures described herein to ensure a safe education environment for Plaintiff.

104. Defendants D.C. and Admin Roes' conscious indifference and reckless disregard of the foreseeable consequences of Defendant Roe's behavior was highly unreasonable and an extreme deviation from the ordinary standard of care.

105. As a direct and proximate result of the Defendants' gross negligence, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including, but not limited to:

    a. Past, present, and future physical and psychological pain, suffering and impairment;

    b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

    c. Impaired educational capacity;

    d. Impaired ability to complete day-to-day tasks of living;

    e. Loss of enjoyment of life;

    f. Impaired earning capability;

    g. Attorneys' fees and costs; and

h.   Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants D.C. and Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT III
**(Assault)**
**(Asserted Against Defendant John Roe)**

106.   Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

107.   Defendant Roe sexually assaulted Plaintiff on numerous occasions from 1993 through 1995.

108.   When Defendant Roe engaged in the sexual assault of Plaintiff, he acted voluntarily and on purpose, and not by mistake or accident.

109.   Plaintiff, a minor at the time of the sexual acts, could not consent to said acts.

110.   The sexual acts involved parts of Plaintiff's body which would cause fear, shame, humiliation, or mental anguish in a person of reasonable sensibility when done without consent.

111.   As a direct and proximate result of Defendant Roe's assault, Plaintiff sustained and continues to sustain injuries for which he is entitled to be compensated, including but not limited to:

a.   Past, present, and future physical and psychological pain, suffering, and impairment;

b.  Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c.  Impaired educational capacity;

d.  Impaired ability to complete day-to-day tasks of living;

e.  Loss of enjoyment of life;

f.  Impaired earning capability;

g.  Attorney's fees and costs; and

h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendant Roe for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT IV
### (Grossly Negligent Hiring, Supervision, and Retention)
### (Asserted Against Defendants D.C. and Admin Roes)

112.  Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

113.  At all times relevant herein, the Defendants D.C. and Admin Roes had a duty to supervise and retain employees who are competent to interact with and oversee the activities of students enrolled at Wheatley Elementary School.

114.  At all times relevant herein, the Defendants D.C. and Admin Roes had a duty to ensure their employees, teachers, administrators, school officials, and agents were acting reasonably to provide a safe environment in which the students enrolled at Wheatley Elementary could learn and be free from sexual harassment and sexual abuse.

115. At all times relevant herein, the Defendants D.C. and Admin Roes had a duty to ensure that their representatives, employees, and teachers were not abusing, harassing, or assaulting students.

116. At all times relevant herein, the Defendants D.C. and Admin Roes had a duty to ensure that their representatives, teachers, employees, school officials, and administrators could competently, appropriately, and reasonable respond to notice and suspicion of the kind of danger posed by Defendant Roe to Plaintiff and other students.

117. At all times relevant herein, the Defendants D.C. and Admin Roes had a duty to train administrators, teachers, staff, employees, school officials, volunteers, and students regarding any written policies that would prevent or prohibit actions like those take by Defendant Roe against Plaintiff.

118. At all times relevant herein, Defendants D.C. and Admin Roes had a duty to train administrators, teachers, staff, employees, school officials, volunteers, and students concerning their employees' sexual misconduct against students, and to identify, investigate, report and stop inappropriate conduct by employees such as Defendant Roe.

119. At all times relevant herein, Defendants D.C. and Admin Roes had a duty to hire, supervise, and retain competent, trained and safe teachers and employees and to not hire or retain child sex abuse offenders.

120. Defendants D.C. and Admin Roes actually or constructively knew that Defendant Roe behaved in a dangerous and incompetent manner.

121. Armed with this knowledge, Defendants D.C. and Admin Roes failed to adequately supervise their employee Defendant Roe and this failure was highly unreasonable and an extreme deviation from the ordinary standard of care.

122.   Defendants D.C. and Admin Roes breached these duties owed to Plaintiff by, among other things:

    a.   Hiring, supervising, and retaining a child sex offender;

    b.   Creating an unsafe school environment in which to learn by failing to properly vet, hire, train, and supervise employees, administrators, school officials, and teachers;

    c.   Failing to hire, train, or supervise their employees, teachers, and officials to take immediate and appropriate action to investigate and otherwise cease instances of sexual abuses by teachers onto students, thereby allowing Defendant Roe's sexual abuse to continue;

    d.   Permitting Defendant Roe to have unrestricted and unsupervised access to Plaintiff by failing to hire, train, and supervise employees, administrators or officials who would exercise reasonable efforts to monitor and supervise Defendant Roe's activities;

    e.   Employing no or insufficient written policies that would prevent or prohibit actions like those taken against Plaintiff by Defendant Roe;

    f.   Employing no or insufficient training to employees, administrators, and officials that would allow them to appropriately address, prevent, or prohibit actions like those taken against Plaintiff by Defendant Roe;

    g.   Authorizing Defendant Roe to inflict continuous and repeated sexual abuse upon Plaintiff through their actions and inactions;

    h.   Allowing Defendant Roe's abuse of Plaintiff to continue by failing to ensure teachers, employees, administrators, and officials promptly reported Defendant Roe's sexual abuse of Plaintiff to authorities;

     i.    Creating and allowing an environment whereby Defendant Roe was able to prey on his students through their failure to oversee and supervise Defendant Roe;

     j.    Failing to otherwise comply with the applicable laws and regulations of the District of Columbia and applicable Federal laws and regulations;

     k.    Otherwise failing to exercise the degree of care required under the circumstances; and

     l.    Otherwise, being careless, highly unreasonable, and acting with extreme indifference in the supervision, retention, and hiring of Wheatley Elementary School employees, administrators, officials, staff, and teachers.

123.    Defendants D.C. and Admin Roes failed to provide training or education to administrators, school officials, faculty, or staff regarding protecting of students from sexual abuse, identifying signs of child sexual abuse, identifying grooming behaviors of sexual predators, interviewing victims and potential witnesses of child abuse, investigating reports of child sexual abuse, and proper reporting of suspected child sex abuse and harassment.

124.    Defendants D.C. and Admin Roes acted with conscious indifference and reckless disregard to the foreseeable consequences of their failures described herein to ensure a safe education environment for Plaintiff.

125.    The Defendants' failures created an environment where reports of inappropriate relationships and sexual abuse made to school officials, administrators, and/or staff were not investigated, reported, or responded to.

126.    The Defendants acted with conscious indifference and reckless disregard for the safety of Plaintiff.

127.    The Defendants' conscious indifference and reckless disregard of the foreseeable consequences of Defendant Roe's behavior was highly unreasonable and an extreme deviation from the ordinary standard of care.

128.    As a direct and proximate result of the Defendants' grossly negligent hiring, supervision, and retention of their employees, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including, but not limited to:

a.  Past, present, and future physical and psychological pain, suffering and impairment;

b.  Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c.  Impaired educational capacity;

d.  Impaired ability to complete day-to-day tasks of living;

e.  Loss of enjoyment of life;

f.  Impaired earning capability;

g.  Attorneys' fees and costs; and

h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants D.C. and Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT V**
**(Violation of 42 U.S.C. §1983)**
**(Deprivation of Right to Bodily Integrity – Special Relationship)**
**(Asserted Against Defendants D.C. and Admin Roes)**

129.   Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

130.   Defendants were at all relevant times acting under color of D.C. law, empowered and required by the District of Columbia to, among other things, ensure an open and safe environment for educational services.

131.   Defendants created a danger through their adoption and perpetuation of a practice and *de facto* policy of permitting Defendant Roe, acting under the color of law, to be isolated with Plaintiff on and near school grounds.

132.   Defendants created a danger through their adoption and perpetuation of a practice and *de facto* policy of hiring and retaining an employee who they either knew or should have known was sexually abusing students.

133.   These practices and *de facto* policies rendered Plaintiff unable to care for or protect himself.

134.   Defendants had actual knowledge of the ongoing deprivation of Plaintiff's Fifth Amendment, substantive due process constitutional right to bodily integrity.

135.   Defendants were deliberately indifferent in their failure to provide for Plaintiff's basic needs and safety by adopting and perpetuating practices and *de facto* policies that permitted Defendant Roe to isolate and develop an inappropriate relationship with Plaintiff, and effectively denied him his constitutional right to bodily integrity.

136.   Defendants' denial of Plaintiff's right to bodily integrity violated his substantive due process rights under the Fifth Amendment of the U.S. Constitution, and directly and proximately caused great injury and damage to these rights and liberty interests, for which he is entitled to compensatory and exemplary damages.

137.   As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

  a.  Past, present, and future physical and psychological pain, suffering and impairment;

  b.  Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

  c.  Impaired educational capacity;

  d.  Impaired ability to complete day-to-day tasks of living;

  e.  Loss of enjoyment of life;

  f.  Impaired future earning capability;

  g.  Attorneys' fees and costs; and

  h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants D.C. and Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT VI**
**(Violation of 42 U.S.C. §1983)**
**(Deprivation of Right to Bodily Integrity – State-Created Danger)**
**(Asserted Against Defendants D.C. and Admin Roes)**

138.   Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

139. Defendants were at all relevant times acting under color of D.C. law, empowered and required by the District of Columbia to, among other things, ensure an open and safe environment for educational services.

140. Defendants' practice and *de facto* policy of allowing teachers like Defendant Roe to have access to minor children, seclude them, and sexually abuse them created a danger for Plaintiff and other students. Part of this policy included knowingly hiring and retaining a teacher who was engaged in ongoing sexual abuse of a minor.

141. This practice and *de facto* policy directly created the danger of improper conduct, including sexual abuse, and that danger was realized by Plaintiff.

142. This practice and *de facto* policy effectively denied Plaintiff's constitutional right to bodily integrity.

143. Defendants' practice and *de facto* policy demonstrated a disregard for and deliberate indifference to Plaintiff's wellbeing and his constitutionally protected right to bodily integrity under the Fifth Amendment of the U.S. Constitution.

144. Defendants' denial of Plaintiff's right to bodily integrity violated his substantive due process rights under the Fifth Amendment to the U.S. Constitution, and directly and proximately caused great injury and damage to these rights and liberty interest, for which he is entitled to compensatory and exemplary damages.

145. As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

    a. Past, present, and future physical and psychological pain, suffering and impairment;

b.   Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

c.   Impaired educational capacity;

d.   Impaired ability to complete day-to-day tasks of living;

e.   Loss of enjoyment of life;

f.   Impaired future earning capability;

g.   Attorneys' fees and costs; and

h.   Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants D.C. and Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT VII
### (Violation of 42 U.S.C. §1983)
### (Deprivation of Educational Property Rights – Special Relationship)
### (Asserted Against Defendants D.C. and Admin Roes)

146.   Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

147.   Defendants were at all relevant times acting under color of D.C. law, empowered and required by the District of Columbia to, among other things, ensure an open and safe environment for educational services.

148.   Defendants created a danger through their adoption and perpetuation of a practice and *de facto* policy of permitting Defendant Roe, acting under the color of law, to be isolated with Plaintiff on and near school grounds.

149. Defendants created a danger through their adoption and perpetuation of a practice and *de facto* policy of hiring and retaining an employee who they either knew or should have known through a cursory background check was sexually abusive towards students.

150. Defendants had a duty to take reasonable precautions to protect Plaintiff from assaults by their employee and to care for his basic needs and safety.

151. These practices and *de facto* policies rendered Plaintiff unable to care for or protect himself.

152. Defendants had actual knowledge of the ongoing deprivation of Plaintiff's constitutionally protected property interests in educational benefits.

153. Defendants were deliberately indifferent in their failure to provide for Plaintiff's basic needs and safety by adopting and perpetuating practices and *de facto* policies that permitted Defendant Roe to isolate himself with and assault Plaintiff, effectively and unlawfully denying him his educational rights.

154. The actions and inactions by Defendants constitute a disregard for, and deliberate indifference to, Plaintiff's wellbeing and his constitutionally protected property interests in educational benefits under the Fifth Amendment of the U.S. Constitution.

155. Defendants created a dangerous situation for Plaintiff and other students through their policies, practices, customs, and regulations of disregarding reported or otherwise known situations of inappropriate sexually abusive conduct by a teacher against students.

156. Defendants' denial of Plaintiff's educational rights violated his substantive due process rights under the Fifth Amendment and directly and proximately caused severe injury and damage to these rights and liberty interests, for which he is entitled to compensatory and exemplary damages.

157.    As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

    a.  Past, present, and future physical and psychological pain, suffering and impairment;

    b.  Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

    c.  Impaired educational capacity;

    d.  Impaired ability to complete day-to-day tasks of living;

    e.  Loss of enjoyment of life;

    f.  Impaired future earning capability;

    g.  Attorneys' fees and costs; and

    h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants D.C. and Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT VIII**
**(Violation of 42 U.S.C. §1983)**
**(Deprivation of Educational Property Rights – State Created Danger)**
**(Asserted Against Defendants D.C. and Admin Roes)**

158.    Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

159. Defendants were at all relevant times acting under color of D.C. law, empowered and required by the District of Columbia to, among other things, ensure an open and safe environment for educational services.

160. Defendants' practice and *de facto* policy of allowing teachers like Defendant Roe to have access to minor children, seclude them, and sexually abuse them created a danger for Plaintiff and other students. Part of this policy included knowingly hiring and retaining a teacher who was engaged in ongoing sexual abuse of a minor.

161. This practice and *de facto* policy directly created the danger of improper conduct, including sexual abuse, and that danger was realized by Plaintiff.

162. This practice and *de facto* policy effectively denied Plaintiff's constitutional right to educational services.

163. Defendants' practice and *de facto* policy demonstrated a disregard for and deliberate indifference to Plaintiff's wellbeing and his constitutionally protected right to educational services under the Fifth Amendment of the U.S. Constitution.

164. Defendants' denial of Plaintiff's educational rights violated his substantive due process rights under the Fifth Amendment to the U.S. Constitution, and directly and proximately caused great injury and damage to these rights and liberty interest, for which he is entitled to compensatory and exemplary damages.

165. As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

   a. Past, present, and future physical and psychological pain, suffering and impairment;

b.  Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

c.  Impaired educational capacity;

d.  Impaired ability to complete day-to-day tasks of living;

e.  Loss of enjoyment of life;

f.  Impaired future earning capability;

g.  Attorneys' fees and costs; and

h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants D.C. and Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT IX
**(Violation of 42 U.S.C. §1983)**
**(Deprivation of Right to Bodily Integrity – Failure to Train)**
**(Asserted Against Defendants Admin Roes)**

166.  Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

167.  Defendants were at all relevant times acting under color of D.C. law, empowered and required by the District of Columbia to, among other things, ensure an open and safe environment for educational services.

168.  At all relevant times, Defendants were policy makers and administrators with a duty to train staff concerning policies on reporting known or suspected abuse of students like Plaintiff.

169.    At all relevant times, Defendants were policy makers and administrators with a duty to train staff concerning signs of abuse and inappropriate conduct by employees such as Defendant Roe.

170.    At all relevant times, Defendants were policy makers and administrators with a duty to train staff concerning written policies that would prevent or prohibit actions like those taken by Defendant Roe when he was able to isolate himself on the school's grounds with Plaintiff and sexually abuse Plaintiff.

171.    Defendants, who were policy makers and administrators, otherwise failed to train their employees.

172.    Defendants' failure to train effectively denied Plaintiff's constitutionally protected right to bodily integrity.

173.    Defendants' failure to train demonstrated disregard for, and deliberate indifference to, Plaintiff's wellbeing and his constitutionally protected right to bodily integrity under the Fifth Amendment.

174.    Defendants' denial of Plaintiff's right to bodily integrity violated his substantive due process rights under the Fifth Amendment to the U.S. Constitution, and directly and proximately caused great injury and damage to these rights and liberty interest, for which he is entitled to compensatory and exemplary damages.

175.    As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

    a.  Past, present, and future physical and psychological pain, suffering and impairment;

b.  Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

c.  Impaired educational capacity;

d.  Impaired ability to complete day-to-day tasks of living;

e.  Loss of enjoyment of life;

f.  Impaired future earning capability;

g.  Attorneys' fees and costs; and

h.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

<u>**COUNT X**</u>
**(Violation of 42 U.S.C. §1983)**
**(Deprivation of Educational Property Rights – Failure to Train)**
**(Asserted Against Defendants Admin Roes)**

176.  Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

177.  At all relevant times, Defendants were policy makers and administrators with a duty to train staff concerning policies on reporting known or suspected abuse of students like Plaintiff.

178.  At all relevant times, Defendants were policy makers and administrators with a duty to train staff concerning signs of abuse and inappropriate conduct by employees such as Defendant Roe.

179.  At all relevant times, Defendants were policy makers and administrators with a duty to train staff concerning written policies that would prevent or prohibit actions like those taken by Defendant Roe when he was able to isolate himself on the school's grounds with Plaintiff and sexually abuse Plaintiff.

180.  Defendants who were policy makers and administrators otherwise failed to train their employees.

181.  Defendants' failure to train effectively denied Plaintiff's constitutionally protected right to educational services.

182.  Defendants' failure to train demonstrated disregard for, and deliberate indifference to, Plaintiff's wellbeing and his constitutionally educational property rights under the Fifth Amendment.

183.  Defendants' denial of Plaintiff's right to educational services violated his substantive due process rights under the Fifth Amendment to the U.S. Constitution, and directly and proximately caused great injury and damage to these rights and liberty interest, for which he is entitled to compensatory and exemplary damages.

184.  As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

   a.  Past, present, and future physical and psychological pain, suffering and impairment;

   b.  Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

   c.  Impaired educational capacity;

d. Impaired ability to complete day-to-day tasks of living;

e. Loss of enjoyment of life;

f. Impaired future earning capability;

g. Attorneys' fees and costs; and

h. Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendants Admin Roes, jointly and severally, for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT XI
**(Intentional Infliction of Emotional Distress)**
**(Asserted Against Defendant John Roe)**

185. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

186. Defendant Roe engaged in extreme and outrageous conduct, including, but not limited to, engaging in sexual acts with Plaintiff, then a minor.

187. Defendant Roe's extreme and outrageous conduct intentionally caused Plaintiff severe emotional distress.

188. As a direct and proximate result of Defendant Roe's misconduct, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including but not limited to:

i. Past, present, and future physical and psychological pain, suffering and impairment;

j.   Medical bills, counseling, and other costs and expenses for past and future medical psychological care;

k.   Impaired educational capacity;

l.   Impaired ability to complete day-to-day tasks of living;

m.  Loss of enjoyment of life;

n.   Impaired future earning capability;

o.   Attorneys' fees and costs; and

p.   Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff John Doe prays the Court for judgment against Defendant Roe for an amount no less than $10,000,000.00 on this count, for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Dated: April 30, 2024                          Respectfully submitted,

                                               JOHN DOE

                                   By:   _____
                                               Jacob M. Lebowitz, DC Bar #483742
                                               POSEY LEBOWITZ, PLLC
                                               3221 M Street NW
                                               Washington, DC 20007
                                               (202) 524-0123 (telephone)
                                               (202) 810-9009 (facsimile)
                                               jlebowitz@poseylebowitz.com
                                               *Counsel for Plaintiff*