UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　Defendants. | Civil Action No. 24-1269 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe, a former student at Wheatley Elementary School, alleges that he was sexually assaulted and abused in the 1990s by one of his teachers over the course of two years. See ECF No. 1 (Compl.), ¶¶ 13–31. He claims that, even after his mother reported this to school administrators, Wheatley did nothing to protect him. Id., ¶¶ 23, 27. He has consequently brought this suit against the individual teacher for assaulting him and intentionally inflicting emotional distress upon him, id., ¶¶ 106–111, 185–88, and against Wheatley administrators for (among other things) negligent hiring, supervision, and retention of this teacher and for their failure to preserve Doe's bodily integrity. Id., ¶¶ 112–28, 138–145. In addition, Doe accuses the District of Columbia of embracing a custom of "having no control and ineffective management of its employees working in the public schools," such as the teacher here, in violation of 42 U.S.C. § 1983 and Title IX. Id., ¶ 52.

Because this suit involves sensitive facts and revealing his identity would cause serious psychological harm, Plaintiff filed a Motion to Proceed Under Pseudonym. See ECF No. 2 (Mot.). The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that

1

Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.

First, as the Complaint makes clear, Doe does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). "Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014). Child sexual-abuse claims are a subset of such allegations. See In re Sealed Case, 971 F.3d at 327 (categorizing "the identity of abused minors" as "sensitive or highly personal"); Doe v. Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *6 (D.D.C. Feb 12, 2021) (finding allegations of child sexual abuse and resulting psychological harm "undoubtedly of a sensitive and highly personal nature").

This suit therefore involves textbook "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as 'sexual activities . . . [and] bodily autonomy.'" Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Doe describes both his assault and the events leading up to it in some detail. See, e.g., Compl., ¶ 20 (Teacher would "isolate[]" Doe and "lift up Plaintiff's shirt and feel his body while in the stairwell"); id., ¶ 35 (occasion where Defendant "went into Plaintiff's [bathroom] stall and grabbed Plaintiff's genitals"). The first factor thus strongly suggests pseudonymity is appropriate in this case.

The second factor, which concerns in part the "risk of retaliatory physical or mental harm" to Plaintiff also counsels in favor of granting the Motion. See In re Sealed Case, 971 F.3d at 326 (cleaned up). Public disclosure, Doe asserts, is likely to cause him "deep humiliation, social stigma, . . . and psychological harm." Mot. at 4. He submits that he cannot "seek recourse" under his own name "without compounding humiliation and trauma he has already suffered." Id.; see also Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("[P]ublicity could exacerbate the psychological harm that [plaintiff] has already experienced . . . ."); Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *7 (crediting claim in similar case that "the stress associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness") (cleaned up).

To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render his concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Doe's name publicly in connection with this litigation poses a risk of harm. See Compl., ¶¶ 69–70; Mot. at 4–5. This factor therefore supports letting Plaintiff proceed under a pseudonym.

The third and fourth factors cut the other way, but the fifth turns the tide back in Doe's favor. To start, Plaintiff does not argue that the third factor supports his Motion — and for good reason. Although he was a minor at the time of the abuse, because he is now an adult, "the concern that courts display for children of a tender age and their vulnerable status does not currently apply." Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *8 (citation

4

omitted).  With respect to the fourth, though the District is evidently a governmental actor that "do[es] not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing," Cabrera, 307 F.R.D. at 8 (cleaned up), most of the Defendants here are private individuals "who presumably have concerns about their respective reputations." Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019).  The fourth factor, accordingly, disfavors Doe's Motion.

As for the fifth, Defendants would suffer no unfairness if the Motion were granted because Plaintiff has stated that he will disclose his identity to Defendants under seal.  See Mot. at 4–5; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).  Defendants, of course, remain free to request any further information they deem necessary to the full and fair defense of the case, and Doe remains free to object.

On balance, although the third and fourth factors disfavor Plaintiff, the remaining three tip the scale toward permitting him to proceed under a pseudonym for now.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket:

    i. A pseudonymous version of his [2] Motion and any attachments; and

    ii. A sealed declaration containing his real name and residential address.

                                                /s/ *James E. Boasberg*  
                                                JAMES E. BOASBERG  
                                                Chief Judge

Date:  May 1, 2024