UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants.*

Civil Action No. 24-1269 (RDM)

## MEMORANDUM OPINION

This suit arises from sexual abuse Plaintiff John Doe experienced as a student at Wheatley Elementary School between 1993 and 1995. Plaintiff brings this action against the District of Columbia ("the District"), John Roe, and Administrator Roes 1-10, alleging abuse by John Roe and a failure to investigate the abuse by the District and Administrator Roes. Dkt. 1 at 4–6 (Compl. ¶¶ 15–41). Plaintiff asserts claims under the Education Amendments of 1972, 29 U.S.C. § 1681 *et seq.* ("Title IX"), 42 U.S.C. § 1983 ("Section 1983"), and numerous common law torts. The District moves to dismiss Plaintiff's claims as time barred. Dkt. 10. For the following reasons, the Court will grant the District's motion and dismiss Plaintiff's complaint.

### I. BACKGROUND

For the purposes of the District's motion to dismiss, the Court takes Plaintiff Doe's factual allegations as true. *See Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015).

In 1993, Plaintiff was a third grader at Wheatley Elementary School. Dkt. 1 at 3 (Compl. ¶ 15). That year, he met Defendant Roe, a Physical Education teacher at Wheatley. *Id.* at 3–4 (Compl. ¶¶ 13–15). Plaintiff alleges that Defendant Roe "began grooming Plaintiff" shortly

thereafter. *Id.* at 4 (Compl. ¶ 16). Sometimes, Defendant Roe lifted Plaintiff's shirt and "[felt] Plaintiff's body" during P.E. class. *Id.* at 4 (Compl. ¶ 19). Defendant Roe also isolated Plaintiff from other children and physically abused him at the school. *Id.* at 4 (Compl. ¶¶ 20–21). Plaintiff's mother informed Administrator Roes of Defendant Roe's sexual contact with Plaintiff, but Administrator Roes or other school employees did not conduct any investigation or take protective measures. *Id.* at 4–5 (Compl. ¶¶ 23–27). As a result, Defendant Roe's abuse of Plaintiff continued for another two years. *Id.* at 5 (Compl. ¶¶ 28–31). Around 1995, Defendant Roe took Plaintiff to a bathroom at the school, went into Plaintiff's stall, and sexually abused him. *Id.* at 5 (Compl. ¶¶ 32–36). Defendant Roe then escorted Plaintiff to the teachers' lounge and yelled at Plaintiff. *Id.* at 6 (Compl. ¶¶ 37–38). Plaintiff "ran out of the teachers' lounge into the principal's office" and told Administrator Roes about Defendant Roe's physical contact with him. *Id.* at 6 (Compl. ¶¶ 39–40). Plaintiff was then transferred to another school. *Id.* at 6 (Compl. ¶ 41).

Plaintiff alleges that the District of Columbia Public School employees, including Administrator Roes, failed to report the abuse to the appropriate authorities, as required by law. *Id.* at 6–7 (Compl. ¶¶ 43–47). According to Plaintiff, the District and its employees had actual notice of Defendant Roe's sexual misconduct against Plaintiff and had the "authority and ability to investigate Defendant Roe's continuing misconduct." *Id.* at 7, 12 (Compl. ¶¶ 47, 84). By failing to take remedial actions to end Defendant Roe's misconduct, the District allegedly violated its duty "to protect the safety and welfare of Plaintiff." *Id.* at 7–9 (Compl. ¶¶ 50, 63–68).

Plaintiff also alleges that the District was deliberately indifferent to the sexual abuse, creating "a hostile environment at Wheatley Elementary School." *Id.* at 12–13 (Compl. ¶¶ 87–

2

90). The District and Administrator Roes allegedly failed to satisfy their duty to train and supervise employees and to "ensure their employees . . . were acting reasonably to provide a safe environment . . . free from sexual harassment and sexual abuse." *Id.* at 20, 22 (Compl. ¶¶ 114, 122). As a result, "Plaintiff's ability to pursue his education" was materially impaired. *Id.* at 13 (Compl. ¶ 90). Plaintiff sustained "severe psychological damage, . . . emotional stress resulting in bed wetting, poor self-esteem, weight gain, distress, and alcohol abuse" and was "damaged by missed educational opportunities." *Id.* at 11 (Compl. ¶¶ 76–79).

Plaintiff filed this lawsuit on April 30, 2024—roughly thirty years after these incidents of abuse. Dkt. 1 at 1. Plaintiff asserts five counts against the District: one claim under Title IX, 29 U.S.C. § 1681 *et seq.* (Count I) and four claims under Section 1983, 42 U.S.C. § 1983 (Count V, VI, VII, and VIII).[1] The District now moves to dismiss all claims as time-barred. Dkt. 10.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, the complaint must contain "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court must "assume [the] veracity" of "well-pleaded factual allegations," *Iqbal*, 556 U.S. at 679, and must "grant [the] plaintiff the benefit of all inferences that can be derived from the facts

---

[1] Plaintiff also brings two common law claims against the District (Counts II and IV), but he does not oppose dismissal of these two Counts without prejudice. Dkt. 11 at 12.

alleged," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted).  The Court, however, need not accept "a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III.  ANALYSIS

The District moves to dismiss on the ground that all of Plaintiff's claims against it are barred by the statute of limitations.  Dkt. 10 at 9.  According to the complaint, the events at issue occurred over thirty years ago, but Plaintiff insists that they are timely.  He invokes a recently enacted revival statute,[2] the D.C. Sexual Abuse Amendment Act of 2018 (the "2018 Amendment").  The 2018 Amendment extended and revived the statute of limitations under D.C. Code § 12-301(11), which specifically provides the statute of limitations for claims "arising out of sexual abuse."  D.C. Code § 12-301(11) (2019).  The amended version of § 12-301(11) provides that such claims may be brought until "the date the victim attains the age of 40 years, or 5 years from when the victim knew, or reasonably should have known, of any act constituting sexual abuse, whichever is later."  *Id.*  Plaintiff argues that this amended statute of limitations "applies to all claims."  Dkt. 11 at 8 (capitalization altered).

As an initial matter, however, the Court is doubtful that § 12-301(11) is applicable here.  Plaintiff's claims against the District arise under two federal statutes: Section 1983 and Title IX.  Those statutes do not provide a limitations period, but it is "settled practice" to "borrow" the most analogous statute of limitations from state law.  *Earle v. District of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012).  For Section 1983, courts "should borrow the general or residual

---

[2] A "revival statute" is "[a] law that provides for the renewal of actions, of wills, and of the legal effect of documents," including revival of claims that expired under the applicable statute of limitations.  *Revival Statute*, Black's Law Dictionary (11th ed. 2019); *see Perez v. KIPP DC Supporting Corp.*, 2024 WL 3534769, at *4 (D.D.C. July 25, 2024).

statute for personal injury actions." *Id.* (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). In the District of Columbia, the "residual statute for personal injury actions" applicable "to a section 1983 claim" is D.C. Code §12-301(8), which provides a three-year limitations period. *Earle*, 707 F.3d at 305. The statute of limitations applicable to Title IX claims remains unsettled. *See Smith v. Howard Univ.*, 605 F. Supp. 3d 103, 106-107 (D.D.C. 2022). Nonetheless, numerous decisions in this district have similarly applied the three-year general personal injury limitations period under § 12-301(8). *See id.*; *Perez v. KIPP DC Supporting Corp.*, 2024 WL 3534769, at *10 (D.D.C. July 25, 2024) (holding that § 12-301(8), rather than § 12-301(11), applied to sexual abuse claims brought under Title IX).[3]

The Court, however, need not decide whether the three-year limitations period under D.C. Code § 12-301(8) or the more generous limitations period under the amended D.C. Code § 12-301(11) applies, because Plaintiff's claims are time-barred under either one. Turning first to § 12-301(8): Plaintiffs' claims accrued in 1995 at the latest, when the abuse ended and when he was eleven years old. Dkt. 11 at 5. The three-year statute of limitations did not begin to run until around 2002, after Plaintiff turned eighteen. D.C. Code § 12-302(a)(1) (tolling statute of limitations until plaintiff reaches 18 years of age). If § 12-301(8) governs, Plaintiff's claims would have expired around 2005—many years before Plaintiff filed this complaint.

Plaintiff's claims fare no better under § 12-301(11). As explained above, the 2018 Amendment to § 12-301(11) provides that an action arising from sexual abuse may be brought until the later of (1) "the date the victim attains the age of 40 years, or" (2) 5 years from when the

---

[3] Plaintiff seems to concede that § 12-301(8)'s three-year limitations period applies. *See* Dkt. 11 at 11 (arguing that "the most analogous statute" for a Title IX claim "is the three-year limitations for personal injury claims"); *id.* at 12 ("[T]he most appropriate statute for §1983 claims is also the statute of limitations governing personal injury actions.").

5

victim knew, or reasonably should have known, of any act constituting sexual abuse, whichever is later." *Id.* Plaintiff maintains that his claims are timely under the post-amendment § 12-301(11) because his claims arise out of sexual abuse, and he "filed this action when he was 39 years old." Dkt. 11 at 8.

At first glance, Plaintiff would seem to have satisfied § 12-301(11)'s requirements, but a separate provision of the 2018 Amendment makes Plaintiff's claims untimely. The legislature also enacted an "Applicability" provision, which curtails the statute's power to revive claims. According to the "Applicability" provision, "a claim for the recovery of damages [for sexual abuse] that would be time-barred" under the pre-amendment statute of limitations "but that would not be time-barred under [the Act's revised statute of limitations] is revived," although only if the plaintiff's suit "commence[s] within 2 years after [May 3, 2019]." D.C. Code 22-311 § 5(a)(2); *see id.* (preamble) (amendment's purpose is to "create a 2-year revival period"). Under the pre-amendment version of § 12-301(11), claims arising out of sexual abuse that occurred while the victim was a minor had to be brought within "7 years from the date that the victim attains the age of 18, or 3 years from when the victim knew, or reasonably should have known, of any act constituting abuse, whichever is later." D.C. Code § 12-301(11) (2009). As a result, determining whether a claim is revived requires an affirmative answer to three questions: (1) is it a claim that "would be" time-barred under the pre-amendment version of § 12-301(11)? (2) is the claim timely under the amended version? and (3) was the claim was filed "within two years" of May 3, 2019—that is, by May 3, 2021? *Doe v. Duke Ellington Sch. of Arts Project*, 2022 WL 3138999, at *4 (D.D.C. Aug. 5, 2022) (finding claims barred under the "Applicability" provision); *accord Newman v. Amazon.com, Inc.*, 2022 WL 971297, at *11 (D.D.C. Mar. 31,

6

2022); *Perez v. KIPP DC Supporting Corp.*, 2024 WL 3534769, at *1 (D.D.C. July 25, 2024) (describing Act's "two-year revival period").

Plaintiff can answer yes to the first two questions: his claims "would be" time-barred under the old version of § 12-301(11) because he did not file his complaint within seven years of turning eighteen or within three years of Plaintiff's knowledge of the abuse. *See* D.C. Code § 12-301(11) (2009). And under the post-amendment statute of limitations, Plaintiff's claims would be timely because he filed his complaint before he turned 40. Dkt. 11 at 10. But Plaintiff did not "commence[]" his suit "within 2 years after" May 3, 2019. D.C. Law 22-311 § 5(a)(2). Plaintiff filed this complaint in 2024—three years after this deadline. *See* Dkt. 1 (Compl.). Plaintiff's claims, accordingly, are time-barred under § 12-301(11).[4]

Plaintiff nonetheless argues that dismissal is inappropriate at this stage, noting that "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." Dkt. 11 at 8 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). To be sure, "a statute of limitations is an affirmative defense," and, as such, it is typically resolved at summary judgment or trial. *Stewart v. Int'l Union, Sec., Police & Fire Pros. of Am.*, 271 F. Supp. 3d 276, 280 (D.D.C. 2017). Dismissal at the pleading stage, however, is appropriate if the untimeliness is "clear from the face of the complaint," *id.* (quoting S*mith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1988)), and no factual development is necessary to the issue. The Court understands that the victims of sexual abuse may have compelling reasons for waiting many years before bringing suit. But the determination of how long is too long is a legislative, and not a judicial, judgment. The Court must apply the law as

---

[4] Although Plaintiff stipulated to dismissal of his common law claims without prejudice, they are time-barred for the same reasons as his federal claims. Accordingly, these claims will also be dismissed with prejudice.

written, and, absent any reason to believe that factual development could have some bearing on the application of the statute of limitations, the Court ought not delay the inevitable.  *See* Fed. R. Civ. P. 1 (courts should construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding").

One final issue remains:  Plaintiff also brings separate Section 1983 and common law counts against Administrator Roes and John Roe.  *See* Dkt. 1 at 11–37 (Compl. ¶¶ 80–184) (alleging, for example, assault, gross negligence, and failure to train under Section 1983).  "A plaintiff may bring an action against unknown John Doe defendants, but the plaintiff must substitute named defendants for those unknown defendants after the completion of discovery" and serve them with process.  *Stevenson v. District of Columbia*, 639 F. Supp. 3d 117, 128 (D.D.C. 2022) (quotations and alterations omitted); *see Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010) ("As a general matter, a court will not entertain a suit unless the defendant has been made a party by service of process. Courts do grant an exception to this rule for 'John Doe' defendants, but only in situations where the otherwise unavailable identity of the defendant will eventually be made known through discovery.").  Here, even if Plaintiff were eventually able to discover these Defendants' identities and effect service of process, Plaintiff's claims would nonetheless be subject to § 12-301(8) or § 12-301(11).  As a result, these claims would be time-barred for the reasons explained above.  The Court, accordingly, will dismiss these claims as well.  *See Stevenson*, 639 F. Supp. 3d at 129 (explaining that "even if the plaintiff had properly impleaded the Unknown MPD Employees by name, the Court would still be required to dismiss the claims against these defendants on qualified immunity grounds"); *Perez v. KIPP DC Supporting Corp.*, 590 F. Supp. 3d 150, 164 (D.D.C. 2022), *rev'd and remanded on other*

*grounds*, 70 F.4th 570 (D.C. Cir. 2023) ("determining *sua sponte*" that anonymous defendants should be dismissed).

## CONCLUSION

For the foregoing reasons, the District's motion to dismiss will be granted, and the complaint will be dismissed with prejudice.

A separate order shall issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 21, 2025